THE STATE OF FLORIDA and the taxpayers, property owners and citizens of North Bay Village in Dade County, Florida, including non-residents owning property or subject to taxation therein, v. NORTH BAY VILLAGE, a municipal corporation in Dade County, Florida.

34 So. (2nd) 876                                  January Term, 1948
April 20, 1948                                              Division A

Glenn C. Mincer, for appellant.
Hoffman & Durant, for appellee.

TERRELL, J.:

The legislature of 1945, enacted Chapter 23,427, Special Acts of that session, creating the Village of North Bay Island, a small community adjacent to the City of Miami. The legislature of 1947 enacted Chapter 24,734 of said session, changing the name of North Bay Island to North Bay Village. Proof of publication of notice of intention to apply for enactment of the latter act was certified by the Secretary of State and introduced as evidence herein without objection. These acts authorized North Bay Village to issue bonds and impose taxes to service them. This appeal is from a final decree validating an issue of bonds by North Bay Village for municipal improvements.

It is first contended that North Bay Village is a community of not more than twenty-eight persons who are freeholders, and that the legislature is without power to create a municipality of so limited a number and authorize it to issue bonds and impose taxes to service them when the major portion of the land to be taxed is owned by non-residents of the municipality.

It is shown that the bond issue in question was approved by the vote of the freeholders as required by Section 6, Article IX of the Constitution. North Bay Village was created by the act of the legislature pursuant to authority vested in it by Section 8, Article VIII of the Constitution. The evidence shows that the tax millage will not be greater than it was before the bond election and that the improvements made with the proceeds of the bonds will result in a material reduction in fire insurance rates. It will also result in the development of lands near the City of Miami and Miami Beach which will result in a general increase in assessments. All the lands in the municipality are accessible for municipal services.

It is next contended that North Bay Village is neither a city nor a town as contemplated by Section 5, Article IX of the Constitution, relating to the power of the legislature over municipalities and cannot be authorized to issue bonds and impose taxes to service them.

It is true that Section 5, Article IX limits the power of the legislature to authorize the assessment of taxes for municipal purposes to "incorporate cities or towns" but North Bay Village is incorporated and Section 180.01, Florida Statutes 1941, extends the term "municipality" to include any city, town or village duly incorporated under the laws of the State of Florida. North Bay Village is within the terms of this act but even though it were not so, the act creating it is sufficient to remove either objection on this point.

The decree validating the bonds is therefore affirmed.

Affirmed.

THOMAS, C. J., CHAPMAN and SEBRING, JJ., concur.